# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALANTIN BETASHOUR,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 17-02928-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Valantin Betashour ("Plaintiff") challenges the Commissioner's denial of her application for supplemental security income ("DIB"). The parties have filed a Joint Submission. After reviewing the matter, the Court concludes that the decision of the Commissioner should be REVERSED.

## I. INTRODUCTION

Plaintiff filed an application for supplemental security income on February 8, 2014. (Administrative Record ("AR") 208.) The Social Security Administration denied the application both initially and on reconsideration, and Plaintiff then proceeded to an administrative hearing. After the hearing, the Administrative Law Judge (ALJ) determined that Plaintiff was not disabled. The Appeals Council

denied review (AR 1-3), making the decision of the ALJ the decision of the Commissioner.

At step two of the five-step sequential evaluation process, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, [Plaintiff] does not have a severe impairment or combination of impairments." (AR 21.) The ALJ ended the sequential evaluation process and found Plaintiff not disabled.

On appeal, Plaintiff challenges the ALJ's non-severity findings at step two. (Joint Submission ("JS") at 3.) Plaintiff also challenges the residual functional capacity assessment and failure to apply the medical vocational guidelines. (*Id*.) The Court agrees with the Commissioner, that because the ALJ concluded the evaluation at step two and did not reach the next steps in the five-step sequential evaluation process, the Court does not need to address Plaintiff's second and third claims.

## II. DISCUSSION

### A. *Pertinent Legal Standard*

At the second step of the five-step sequential evaluation process used in social security cases, *see* 20 CFR § 404.1520, the ALJ must determine whether the claimant has a "severe" impairment. If a claimant does not have a severe impairment, then he or she is not eligible for disability payments. 20 CFR § 404.1520(c).

The existence of a severe impairment is satisfied when the evidence shows that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. 20 CFR § 404.1520(c); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). At step two, the ALJ identifies a claimant's severe impairments, *i.e.*, impairments that significantly limit his or her ability to do basic

work activities.[1] 20 C.F.R. § 404.1522; *Smolen,* 80 F.3d at 1290. A determination that an impairment is not severe requires evaluation of medical findings describing the impairment, and an informed judgment as to its limiting effects on a claimant's ability to do basic work activities. Social Security Ruling ("SSR") 85–28, 1985 WL 56856, at *4 (Jan. 1, 1985).[2]

The ALJ must take into account subjective symptoms in assessing severity, *Smolen,* 80 F.3d at 1290, but "medical evidence alone is evaluated … to assess the effects of the impairment(s) on ability to do basic work activities." SSR 85-28 at *4. An impairment or combination thereof may properly be found not severe if the clearly established objective medical evidence shows only slight abnormalities that minimally affect a claimant's ability to do basic work activities. *Webb v. Barnhart,* 433 F.3d 683, 687 (9th Cir. 2005); *Smolen,* 80 F.3d at 1290. Finally, a diagnosis does not establish a severe impairment. *Febach v. Colvin*, 580 F. App'x 530, 531 (9th Cir. 2014).

The step two inquiry is meant to be "a *de minimis* screening device to dispose of groundless claims." *Smolen,* 80 F.3d at 1290 (citing *Bowen v. Yuckert,* 482 U.S. 137, 153–54, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987)).

*B. ALJ's Decision*

The ALJ identified Plaintiff as having the following medically determinable impairments: diabetes, hyperlipidemia, hyperthyroidism, asthma, degenerative disc disease, obesity, hammertoe, osteoarthritis, degenerative joint disease, and cataracts. (AR 21.) In finding Plaintiff's impairments not severe, the ALJ noted that the "available medical record is minimal and does not provide sufficient objective support" for Plaintiff's allegations of pain and limited mobility. (*Id*. at 22.)

---

[1] Basic work activities are "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).

[2] SSRs do not have the force of law, but a reviewing court generally accords them some deference. *Holohan v. Massanari,* 246 F.3d 1195, 1202 n.1 (9th Cir. 2001).

The ALJ further noted that "the record reflects numerous inconsistencies that suggest [Plaintiff's] reasons for filing for Social Security Disability are less than credible." (AR 22.) As examples of this, the ALJ noted that, while Plaintiff alleged disability since January 2013, the record did not contain any evidence until December 2013. (*Id.*) Despite Plaintiff's complaints related to her various medical impairments, the medical findings indicated no abnormalities. (*Id.*) Additionally, the ALJ noted that Plaintiff reported different medications to different physicians, one inconsistency, and reported on her Function Report that she took only calcium, another inconsistency. (*Id.*)

The ALJ's decision also discussed the July 2014 internal medicine consultative examination performed by Dr. Helen Rostamloo at the Commissioner's request.[3] The ALJ observed that, while Dr. Rostamloo's report noted that Plaintiff alleged a history of diabetes, hyperlipidemia, hyperthyroidism, low back pain, asthma, and bilateral visual deficits, the only area of pain pointed to was the back, "which was inconsistent with [Plaintiff's] disability application." (*Id.* at 23.) Further, Dr. Rostamloo's report stated that Plaintiff exhibited "normal gait and balance and did not require the use of an assistive device for ambulation." (*Id.*) The report indicated that Plaintiff's neck examination was normal. (*Id.*) The back showed normal spine curvature with tenderness to percussion of the lumbar spine. (*Id.*) Normal muscle bulk and tone without atrophy were noted. (*Id.*) Strength was 5/5 throughout without focal motor deficits. (*Id.*) The ALJ's decision recited Dr. Rostamloo's opinion regarding Plaintiff's functional limitations: Dr. Rostamloo "opined [that Plaintiff] was able to perform medium work with no limitations in sitting, standing, walking, pushing, or pulling; frequent climbing, balancing, kneeling, crawling, walking on uneven terrain, and working at heights; and avoidance of pulmonary irritants, fumes, dust and extreme temperatures." (*Id.*)

Plaintiff also underwent a psychiatric consultative examination. *Id.* The

---

[3] The ALJ erroneously referred to Dr. Rostamloo as Dr. Resnick.

psychiatric consultative examiner concluded that Plaintiff had no limitations from a psychiatric standpoint. (*Id*. at 24.)

Plaintiff was also referred to a physician for foot pain. (*Id*. at 25.) Plaintiff was "given range of motion exercises and arthritis cream, and told to ice her joints." *Id*. Plaintiff did not return to seek podiatric treatment until nearly a year later in mid-2015. (*Id*.)

The ALJ's decision also discussed the residual functional capacity assessment by Plaintiff's treating physician, Dr. Charchian. Dr. Charchian indicated in October 2014 that Plaintiff suffered from uncontrolled diabetes mellitus, chronic arthritic foot pain, and anxiety. (*Id*. at 25.) Dr. Charchian assessed limitations on Plaintiff, specifically that Plaintiff "could lift/carry only 5-10 pound in an 8 hour period and less than 5 pounds regularly; walk 3 to 4 blocks; rarely reach above shoulders or towards the floor[] frequently; or frequently reach down to the waist or carefully handle objects … could not stand or sit for more than 20 to 30 minutes due to anxiety, weakness, and dizziness." (*Id*.) The ALJ gave little weight to Dr. Charchian's opinion because it "was self-contradictory and not adequately supported by clinical evidence." (*Id*.) The ALJ stated that he "was vague in his responses and failed to provide specific test results or data in support of his claims." The ALJ also stated that Dr. Charchian failed to acknowledge Plaintiff's noncompliant behavior with her diabetes treatment. (*Id*.)

Finally, the ALJ stated that Plaintiff "has never worked and she has [n[ever attempted to work. Her treatment record is sporadic and minimal. Existing examinations note mild findings and, in fact, suggest [that Plaintiff] is less than credible. It appears [Plaintiff's] reasons for filing for Social Security disability may be purely financial." (AR at 26.)

*C. Analysis*

Plaintiff contends that the ALJ's finding that Plaintiff's physical impairments were not severe was erroneous because Dr. Rostamloo, the state agency

5

consultative examiner, found that Plaintiff was limited to performing medium work with postural and environmental limitations, a finding which shows that Plaintiff's impairments would have more than a minimal effect on her ability to perform basic work activities. JS at 3, 5. Plaintiff acknowledges that the ALJ was not required to accept Dr. Rostamloo's entire opinion, but argues that the ALJ was required to provide specific and legitimate reasons for rejecting a portion of her opinion, but failed to provide any reasons, much less specific and legitimate reasons. *Id*. at 6. In opposition, the Commissioner contends that Dr. Rostamloo's report constituted substantial evidence on which the ALJ could, and did, rely and is sufficient to support the ALJ's findings in the present judicial review. *Id*. at 8-9. The Commissioner contends that Dr. Rostamloo's report and its included opinion support the ALJ's finding of non-severe impairment because it demonstrates that Plaintiff can meet the requirements of most physical jobs. *Id*. at 9.

The Social Security Regulations define "medium work" as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 CFR § 416.967(c). "When a claimant's impairments limit her to medium work activity, such impairments are by definition 'severe' since they have more than a minimal impact on the claimant's ability to lift, which is a basic work activity." *Padilla v. Astrue*, 541 F. Supp. 2d 1102 (C.D. Cal. 2008).

Dr. Rostamloo found Plaintiff limited to medium work with postural and environmental limitations. In her decision, the ALJ appeared to give weight to Dr. Rostamloo's opinion, but did not offer any reasons for rejecting the portion of her opinion regarding the above-described physical limitations. The Court agrees with Plaintiff that Dr. Rostamloo's opinion regarding Plaintiff's limitations would be inconsistent with a finding that Plaintiff's physical impairments are not severe. Because the ALJ did not offer any reasons, much less specific and legitimate reasons, for rejecting this portion of Dr. Rostamloo's opinion, the ALJ's findings

lack substantial evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995) (ALJ is required to give "specific and legitimate reasons based on substantial evidence" for rejecting the contradicted opinion of examining physician). The Court does not dispute the Commissioner's contention that, as a consultative examiner, Dr. Rostamloo's report and opinion can qualify as substantial evidence for the ALJ's findings. However, the Commissioner fails to address the central issue presented here, which is that Dr. Rostamloo's report and opinion, absent some explanation from the ALJ rejecting the opined limitations, appears to support a finding that Plaintiff's physical impairments are "severe."

The error here was not harmless because the ALJ ended the five-step sequential evaluation process upon making a finding of no severe impairment(s), and thus the record does not indicate what a further sequential evaluation would yield. Accordingly, the matter is remanded to the Commissioner for completion of the sequential evaluation and any further development of the record as is necessary to facilitate that evaluation.

### III. CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits and REMANDING for administrative action consistent with this order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: December 28, 2017

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**